UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| DONNA MARIE NORRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No.: 4:15-cv-81-HSM-CHS |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | ) ) ) ) |
| Defendant. | ) |

# REPORT AND RECOMMENDATION

I. Introduction

This action was instituted pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the Commissioner's final decision denying Donna Norris's ("Plaintiff") claim for Disability Insurance Benefits ("DIB"), as provided by the Social Security Act.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72(b) for a report and recommendation on Plaintiff's Motion for Summary Judgment [Doc. 21] and the Commissioner's Motion for Summary Judgment [Doc. 23].

I find that substantial evidence in the record, as required by 42 U.S.C. § 405(g), supports the Commissioner's determination that Plaintiff is not disabled under the Act. Consequently, I **RECOMMEND** that Plaintiff's motion [Doc. 21] be **DENIED**, the Commissioner's motion [Doc. 23] be **GRANTED**, and the Commissioner's decision be **AFFIRMED**.

1

II. Background

   A. Procedural History

On November 1, 2012, Plaintiff protectively filed for DIB under Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, based on lower back pain due to two herniated discs, depression, and nervousness around people[1] [Tr. 157-160, 171].[2] Plaintiff's claim was denied initially and on reconsideration [Tr. 75, 88, 104-106, 111-113]. On June 9, 2014, Plaintiff appeared and testified at a hearing before Administrative Law Judge ("ALJ") Kerry Morgan [Tr. 27-54]. On July 22, 2014, the ALJ issued a decision finding that Plaintiff was "not disabled," as defined in the applicable sections of the Act, through the date last insured, because work existed in the national economy that she still could have performed [Tr. 11-20]. On October 29, 2015, the Appeals Council denied Plaintiff's request for review [Tr. 1-3]. Thus, Plaintiff has exhausted her administrative remedies, and the ALJ's decision stands as the Commissioner's final decision subject to judicial review. *See* 42 U.S.C. § 405(g).

   B. Relevant Facts

   *Plaintiff's Age, Education, and Past Work Experience*

Plaintiff is currently a fifty-six-year-old individual who performed past relevant work as a cashier, production worker, and pool supplies sales clerk [Tr. 46-51, 177-189]. At the time of her alleged onset date of March 30, 2011, Plaintiff was fifty years old [Tr. 157].

---

[1] The Court will focus its review of the record on the impairments that are relevant to Plaintiff's Motion for Summary Judgment [Doc. 21].

[2] An electronic copy of the administrative record is docketed at Doc. 14.

2

*Plaintiff's Testimony and Medical History*

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters as relevant to the analysis of the parties' arguments.

*The ALJ's Findings*

After considering the entire record, the ALJ made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2012.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of March 30, 2011, through her date last insured of December 31, 2012 (20 CFR 404.1571, *et seq*.).

3. Through the date last insured, the claimant had the following "severe" impairments: degenerative disc disease of the lumbar spine with occasional lumbago and radiculopathy; panic disorder with agoraphobia; major depressive disorder without psychotic features; and a history of opioid dependence in sustained remission (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except claimant can occasionally climb stairs and ramps. She cannot climb ladders, ropes, or scaffolds. She can occasionally bend, stoop, kneel, crouch, and crawl. She can understand and remember simple instructions and tasks. She can maintain attention, concentration, persistence, and pace in two hour segments of time with customary breaks between segments. She can tolerate occasional, superficial contact with the public; occasional interaction with coworkers; and infrequent changes in work duties.

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on February 15, 1961, and was 51 years old, which is defined as an individual closely approaching advanced age, on the date last insured (20 CFR 404.1563).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from March 30, 2011, the alleged onset date, through December 31, 2012, the date last insured (20 CFR 404.1520(g)).

[Tr. 14-20].

### III. Analysis

#### A. Standard of Review

The determination of disability under the Act is an administrative decision. To establish disability under the Social Security Act, a claimant must establish she is unable to engage in any substantial gainful activity due to the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. The following five issues are addressed in order: (1) if the claimant is engaging in substantial gainful activity she is not disabled; (2) if the claimant does not have a severe impairment she is not

disabled; (3) if the claimant's impairment meets or equals a listed impairment she is disabled; (4) if the claimant is capable of returning to work she has done in the past she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy she is not disabled. *Id.* If the ALJ makes a dispositive finding at any step, the inquiry ends without proceeding to the next step. 20 C.F.R. §§ 404.1520; 416.920; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that she cannot return to her former occupation, the burden shifts to the Commissioner to show that there is work in the national economy which she can perform considering her age, education and work experience. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review by this Court is whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner made any legal errors in the process of reaching the decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side, if there is evidence to support the Commissioner's findings they must be affirmed. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision makers. It presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th

Cir. 1986)); *Crisp v. Sec'y, Health and Human Servs.*, 790 F.2d 450 n.4 (6th Cir. 1986).

The court may consider any evidence in the record, regardless of whether the ALJ cited it. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). However, for purposes of substantial evidence review, the court may not consider any evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Furthermore, the court is not obligated to scour the record for errors not identified by the claimant, *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. Aug. 18, 2009) (stating that assignments of error not made by claimant were waived), and "issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived,'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

B. Discussion

Plaintiff presents two issues for review: (1) whether the ALJ erred by assigning little weight to the consultative examiner's opinion; and (2) whether the ALJ properly evaluated the credibility of Plaintiff's statements about her alleged impairments [Doc. 22 at 12-13].

*1. Consultative Examiner's Opinion*

Plaintiff argues that the ALJ erred by "rejecting [the] assessment" of independent consultative examiner Dr. Melvin Blevins [Doc. 22 at 12-13]. Dr. Blevins examined Plaintiff on June 18, 2013, and opined that she could lift and carry up to twenty pounds occasionally and less than ten pounds frequently; stand and/or walk less than two hours in an eight-hour workday; sit less than six hours in an eight-hour workday; and would be limited pushing and/or pulling with her upper and lower extremities [Tr. 335-336]. He also opined that Plaintiff would constantly

experience pain severe enough to interfere with attention and concentration; that she was incapable of even low stress jobs; that she would need to take unscheduled breaks; that her impairments were likely to produce good days and bad days; and that she was likely to be absent from work more than four times per month [Tr. 336]. Dr. Blevins further opined that Plaintiff could occasionally climb, balance, kneel, crouch, and crawl, and that she would be limited in her ability to reach in all directions, handle, finger, and feel [Tr. 337]. Dr. Blevins also opined that Plaintiff should avoid even moderate exposure to extreme temperatures, noise, dust, vibration, humidity/wetness, hazards such as machinery and heights, fumes, odors, gases, perfumes, solvents/cleaners, soldering fluxes, cigarette smoke, and chemicals [Tr. 338]. After reviewing Dr. Blevins's opinion and examination findings, the ALJ assigned them "little weight" [Tr. 18].

The Regulations require an ALJ to "evaluate every medical opinion" regardless of its source. 20 C.F.R. § 404.1527(c).[3] However, "opinions from nontreating and nonexamining sources are never assessed for 'controlling weight.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). An ALJ may afford weight to a nontreating or nonexamining source, "but only if a treating-source opinion is not deemed controlling." *Id.* When there is not a treating source opinion that is deemed controlling, an ALJ must weigh a medical opinion offered by a non-treating source based on factors such as the nature of the treatment relationship, the frequency of

---

[3] The Social Security Administration revised its rules regarding the evaluation of medical evidence. 82 Fed. Reg. 5844-01, 2017 WL 168819. The revised regulations went into effect on March 27, 2017, *id.*, and are not applicable to this case. *See Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) ("Retroactivity is not favored in the law. Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result."); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) ("The Act does not generally give the SSA the power to promulgate retroactive regulations.").

examination, the specialization of the medical source, and the consistency and supportability of the opinion. *See* 20 C.F.R. § 404.1527(c).

After noting that the record contained no treating source statement and after reciting Dr. Blevins's opinion as to Plaintiff's functional limitations, the ALJ stated that she found the opinion "too restrictive considering the intermittent nature of [Plaintiff's] back pain and general stability of mental health symptoms," and, accordingly, afforded the opinion "little weight" [Tr. 18].

Plaintiff states that, "Dr. Blevins's restrictions are supported by objective evidence," without citing to any legal authority or further developing an argument on this issue [Doc. 22 at 13]. This argument is insufficient to warrant remand. From the Court's review, the ALJ appropriately evaluated Dr. Blevins's opinion in light of the relevant statutory factors and explained why she gave the opinion little weight. In particular, the ALJ focused on the factor of inconsistency with the record as a whole, noting that Plaintiff complained of back pain only intermittently and had demonstrated improvement with general stability of mental health symptoms [Tr. 17-18]. The Court finds that there is substantial evidence in the record to support the ALJ's determination.

 2. *Credibility Assessment*

Plaintiff next argues that the ALJ "erred in rejecting [her] complaints of pain" [Doc. 22 at 13].

A claimant's statement that she is experiencing disabling pain or other subjective symptoms will not, taken alone, establish that she is disabled. 20 C.F.R. § 404.1529(a). Evaluating subjective complaints requires a two-step analysis known in this circuit as the *Duncan* test. *See Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986). Under the

*Duncan* test,

> [f]irst, we examine whether there is objective medical evidence of an underlying medical condition. [Second], [i]f there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Felisky*, 35 F.3d at 1038-39 (quoting *Duncan*, 801 F.2d at 853). Objective medical evidence constitutes medical signs and/or laboratory findings as defined in 20 C.F.R. § 404.1528(b)-(c). However, the *Duncan* test "does not require objective evidence of the pain itself." *Felisky*, 35 F.3d at 1039 (internal citation omitted). The Commissioner may examine a number of other factors besides medical signs and laboratory findings to determine the severity of the alleged pain or other subjective symptoms once the underlying impairment is established by objective medical evidence. As the Social Security regulations explain,

> When the medical signs or laboratory findings show that you have a medically determinable impairment(s) that could reasonably be expected to produce your symptoms, such as pain, we must then evaluate the intensity and persistence of your symptoms so that we can determine how your symptoms limit your capacity for work. . . .

20 C.F.R. § 404.1529(c)(1); *see also Felisky*, 35 F.3d at 1037-40.

In addition to the objective medical evidence, the claimant's own statements regarding the persistence, intensity, and limiting effects of her symptoms will be considered; however, in considering those statements, the claimant's credibility will be evaluated. *See id.* at 1036-1037. It is the province of the Commissioner, not the reviewing court, to make credibility findings, but the Commissioner must clearly state the reasons if she finds the claimant to be lacking in credibility. *Id.* at 1036; *see also Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including

9

that of the claimant"). The ALJ's credibility findings "are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).

The SSA provides a checklist of other factors that the ALJ must consider to assess the severity of a claimant's subjective complaints, including the claimant's daily activities; the location, duration, frequency, and intensity of the pain or other symptoms; precipitating and aggravating factors; medication taken to alleviate pain or other symptoms; treatment other than medication received for relief of pain or other symptoms; and any other measures used to relieve the pain or other symptoms (such as lying down or standing for 15 to 20 minutes every hour). 20 C.F.R. § 404.1529(c)(3); *see also Felisky*, 35 F.3d at 1037-38 (discussing 20 C.F.R. § 404.1529 pertaining to the evaluation of subjective complaints of symptoms such as pain).

Additionally, Social Security Ruling 96-7p[4] emphasizes that credibility determinations must find support in the record and not be based upon the ALJ's "intangible or intuitive notion[s]." 1996 WL 374186 at *4. In assessing the claimant's credibility, the ALJ must consider the record as a whole, including the claimant's complaints, lab findings, information provided by treating physicians, and other relevant evidence. *Id*. at *5. Consistency between the claimant's subjective complaints and the record evidence "tends to support the credibility of the claimant, while inconsistency, although not necessarily defeating, should have the opposite effect." *Kalmbach v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 863 (6th Cir. 2011). The ALJ must explain the credibility

---

[4] SSR 96-7p has been superseded by SSR 16-3p which eliminates the use of the term "credibility" from SSA policy, because the SSA's regulations do not use this term, and clarifies that subjective symptom evaluation is not an examination of a claimant's character. *See* SSR 16-3p, 2016 WL 1119029, at *1 (Mar. 16, 2016). SSR 16-3p became effective on March 28, 2016 (*see* 2016 WL 1237954), so it is not applicable to the ALJ's decision in this case.

determination such that both the claimant and subsequent reviewers will know the weight given to the claimant's statements and the reason for that weight. Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *2.

In this case, the ALJ discussed a number of factors in discounting Plaintiff's claims of disabling back pain [Tr. 17-18]. First, the ALJ noted that Plaintiff's allegations of disabling back pain were inconsistent with her intermittent reports of back pain to healthcare providers [Tr. 17]. Indeed, during the hearing Plaintiff admitted that, "I really haven't seen a doctor for my back" [Tr. 37]. The ALJ also considered record evidence that Plaintiff's back pain improved with relatively conservative treatment such as ibuprofen, ice packs, and exercise; reports from Plaintiff's health care providers that she was not compliant with her low back exercises; and Plaintiff's own testimony that she did not do the recommended exercises [Tr. 17, 44, 223, 341-342, 356-357].

Plaintiff points out that the record contains objective evidence of an underlying back impairment [Doc. 22 at 14]. Indeed, as the ALJ noted, an x-ray showed moderate degenerative changes at L5-S1 with mild degeneration in the sacroiliac joints, and an MRI showed degenerative changes at L4-5 and L5-S1 with disc protrusion at L4-5 [Tr. 17, 254, 330]. However, objective medical evidence of an underlying condition is only one-half of the *Duncan* test. After considering this evidence, the ALJ determined that Plaintiff's sporadic complaints, noncompliance with prescribed treatment, and improvement with conservative treatment indicated that her back impairment was not as limiting as she alleged.

As detailed above, the ALJ set forth a specific analysis evaluating several of the appropriate regulatory factors and concluding that Plaintiff's subjective complaints of symptoms were not fully credible. The Court concludes that the ALJ properly weighed the evidence in the record and did

not err in assessing the credibility of Plaintiff's statements. The ALJ's assessment is supported by substantial evidence and complies with *Duncan*, 20 C.F.R. § 404.1529, and SSR 96-7p.

IV.     Conclusion

Having carefully reviewed the administrative record and the parties' briefs filed in support of their respective motions, I conclude that there is substantial evidence in the record to support the ALJ's findings and the Commissioner's decision, and that neither reversal nor remand is warranted on these facts. With such support, I find that the ALJ's decision must stand, even if the record also contains substantial evidence that would support the opposite conclusion. *See, e.g.*, *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Accordingly, I **RECOMMEND** that Plaintiff's Motion for Summary Judgment [Doc. 21] be **DENIED**, the Commissioner's Motion for Summary Judgment [Doc. 23] be **GRANTED**, and the Commissioner's decision be **AFFIRMED**.[5]

*Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[5] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file specific objections within the time specified can constitute a waiver of further appeal of this Report and Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).